**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDUARDO MENJIVAR, NANA I AM, ) | No. CV 15-7976 FMO (AS) |
| ) | |
| Plaintiffs, ) | **REPORT AND RECOMMENDATION OF A** |
| v. ) | |
| ) | **UNITED STATES MAGISTRATE JUDGE** |
| WELLS FARGO BANK NA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Report and Recommendation is submitted to the Honorable Fernando M. Olguin, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

On October 9, 2015, Plaintiffs Eduardo Menjivar and Nana I Am filed a pro se Complaint pursuant to various federal and state laws, including 42 U.S.C. §§ 1981, 1983 and 1985. (Docket Entry No. 1).

Plaintiffs named as Defendants: (1) Wells Fargo Bank, NA; (2) Genesis Capital Master Fund III, LLC; (3) Regional Trustee Service Corporation; (4) East End Properties, Inc.; (5) Daniel Argento, an individual associated with East End Properties, Inc.; (6) the Los Angeles Police Department; and (7) "All Persons Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud On Plaintiff's Title Thereto." (Id. at 1, 7-8).[1]  Plaintiffs also named ten Doe defendants.  (Id. at 1, 9).  Plaintiffs alleged that Defendants had publicly recorded fraudulent documents purporting to convey to Defendants title to or an interest in Plaintiffs' real property.  (Id. at 10).

Several of the claims in the Complaint were not cognizable as pled and, on April 28, 2016, the Court issued an Order Dismissing the Complaint With Leave To Amend.  (Docket Entry No. 8).  A First Amended Complaint was due May 31, 2016.[2]

On July 1, 2016, after Plaintiffs failed to file a First Amended Complaint, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute ("OSC").  (Docket Entry No. 9).  Plaintiffs were directed to respond to the OSC or to

---

[1] For ease of reference, the Court cites the Complaint and its attached exhibits as though they constitute one continuously paginated document.

[2] A First Amended Complaint was due within 30 days of the Court's order.  (Docket Entry No. 8 at 11).  Because the deadline set by the order fell on a Saturday, and May 30, 2016 was Memorial Day, a First Amended Complaint was due May 31, 2016.  See Fed. R. Civ. P. 6(a)(1)(C).

file a First Amended Complaint no later than July 22, 2016. (<u>Id.</u> at 2). Plaintiffs were warned that failure to timely respond would result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders. (<u>Id.</u> at 3).

Plaintiffs have not responded to the OSC, requested an extension of time to do so, or otherwise communicated with the Court. None of the Court's orders have been returned as undeliverable, so Plaintiffs presumably received them when they were issued. Plaintiffs appear to have lost interest in this litigation. Dismissal with prejudice for failure to prosecute and to comply with Court orders is warranted pursuant to Federal Rule of Civil Procedure 41(b).

## II.

### DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to <u>sua sponte</u> dismiss actions for failure to prosecute or failure to comply with court orders. <u>See</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-31 (1962) ("expressly recogniz[ing]" the district court's authority to dismiss an action with prejudice for failure to prosecute, finding that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts."); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming district court's <u>sua sponte</u> dismissal of habeas petition with prejudice "for failure to prosecute and for failure to comply

with a court order"). However, because "dismissal is a harsh penalty[,] . . . it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In considering whether to dismiss an action for failure to comply with a court order, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the defendants]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." See Pagtalunan, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1260-61).

"[The Ninth Circuit] 'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors "strongly" support dismissal.'" Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). As set forth below, the Court finds that four of the five factors strongly weigh in favor of dismissal.

**A.   The Five Factors Support Dismissal**

   1.   The Public's Interest In Expeditious Resolution Of Litigation

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642 (quoting Yourish, 191 F.3d at 990)

(internal quotation marks omitted). The fact that Plaintiffs have failed to pursue this case for several months by not filing a First Amended Complaint or responding to the OSC adds even more weight to this factor. <u>See id.</u> ("Given [Plaintiff's] failure to pursue this case for almost four months, this factor weighs in favor of dismissal.").

2. <u>Court's Need To Manage Its Docket</u>

Courts have the "power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." <u>See Ferdik</u>, 963 F.3d at 1261. Thus, the second factor focuses on whether a particular case has "consumed . . . time that could have been devoted to other cases on the [court's] docket." <u>See Pagtalunan</u>, 291 F.3d at 642.

The Court issued an Order Dismissing the Complaint With Leave to Amend on April 28, 2016. (Docket Entry No. 8). The order explained the reasons for the Court's finding that Plaintiffs had failed to properly allege a violation of their constitutional rights or state a cause of action, provided guidance regarding the filing of an amended complaint, and granted Plaintiffs an opportunity to amend. (<u>Id.</u> at 6-12). Plaintiffs have failed to respond to the Court's order granting leave to file a First Amended Complaint. As a result, the Court remains unaware if or how Plaintiffs intend to proceed with this matter, especially in light of the Court's order setting forth the defects fatal to Plaintiffs' Complaint.

Plaintiffs' inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiffs do not intend to litigate this action diligently.  The Court expended valuable time screening Plaintiffs' Complaint and in preparing the Order Dismissing the Complaint With Leave to Amend.  As a result, Plaintiffs' case has "consumed . . . time that could have been devoted to other cases on the [court's] docket."  See Pagtalunan, 291 F.3d at 642.  The court cannot continue to spend valuable resources attempting to move forward a case that Plaintiffs do not wish to expeditiously pursue. Consequently, the Court's need to manage its docket favors dismissal.

3.   The Risk Of Prejudice To Defendants

The third factor - prejudice to the Defendants - also favors dismissal.  "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal . . . [t]he law presumes injury from unreasonable delay." In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).  Courts presume prejudice when delay is unreasonable because such "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." See Pagtalunan, 291 F.3d at 642-43 (citing Sibron v. New York, 392 U.S. 40, 57 (1968)). Moreover, the risk of prejudice to the defendant is related to the reason given by the plaintiff for failing to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991).

Here, Plaintiffs have failed to respond in any manner to the Court's orders and have not attempted to advance any explanation for

6

their failure to file a First Amended Complaint. Consequently, Plaintiffs' delay in prosecuting this case and obeying the Court's orders is unreasonable, and the risk of prejudice strongly weighs in favor of dismissal.  See Paqtalunan, 291 F.3d at 642-43 (finding prejudice when "[petitioner] offered no clear explanations of what actions he actually took during the relevant time periods[,]" even though the respondent had not yet appeared in the action); In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006); cf. Yourish, 191 F.3d at 991-92 (finding that "[p]laintiffs' paltry excuse" for their failure to timely file an amended complaint demonstrated that there was "sufficient prejudice to [d]efendants from the delay" such that this factor "strongly favor[ed] dismissal").

4.   Availability Of Less Drastic Alternatives

Less drastic alternatives to dismissal include, inter alia, a warning to a party that dismissal could result from failure to obey a court order.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 n.1 (9th Cir. 1987).  To determine whether a district court has properly considered such alternatives, the Ninth Circuit evaluates three factors:

(1) Did the [district] court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the [district] court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the

7

possibility of dismissal before actually ordering dismissal?

Id. at 132.

The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Furthermore, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citations omitted).

In the Order Dismissing the Complaint With Leave To Amend, the Court stated the reasons for dismissal and offered guidance as to how Plaintiffs could cure the Complaint's deficiencies. (Docket Entry No. 8 at 6-10). That order explicitly warned Plaintiffs that the failure to timely file a First Amended Complaint could result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with court orders. (Id. at 12). Plaintiffs are well aware that their failure to file a First Amended Complaint could result in a recommendation that the action be dismissed with prejudice for failure to prosecute. On this record, the Court finds that Plaintiffs have lost interest in their own lawsuit. Therefore, the Court concludes that less drastic alternatives would be inadequate to remedy Plaintiffs' failure to prosecute and obey court orders.

5.  <u>Public Policy Favoring Disposition On The Merits</u>

The fifth factor - the public policy favoring the disposition of cases on their merits - ordinarily weighs against dismissal.  <u>See</u> <u>In re Phenylpropanolamine Prods. Liab. Litig.</u>, 460 F.3d at 1228. However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  <u>See</u> <u>id.</u> (citations omitted).  This is because "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits."  <u>See</u> <u>id.</u>

Here, Plaintiffs have not discharged their responsibility of "mov[ing] towards [a] disposition [on the merits] at a reasonable pace."  <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991).  Under these circumstances, the public policy favoring the resolution of disputes on the merits "lends little support" to Plaintiffs.  <u>See</u> <u>In re Phenylpropanolamine Prods. Liab. Litig.</u>, 460 F.3d at 1228 (internal quotation marks omitted).

**B.  Dismissal Of This Action Under Rule 41(b) Is Appropriate**

As discussed <u>supra</u>, four of the Rule 41(b) dismissal factors strongly weigh in favor of dismissal, whereas only one factor (at best) slightly weighs against dismissal.  Moreover, the Court finds that Plaintiffs have manifested little to no interest in this action, which further demonstrates that these proceedings should not continue.  Under these circumstances, dismissal of the action with

prejudice is appropriate.  <u>See</u> <u>Malone</u>, 833 F.2d at 133 n.2 (public policy favoring disposition of cases on their merits weighed against dismissal, but was "not sufficient to outweigh the other four factors, which in this case support dismissal").

Rule 41(b) states in relevant part:

> [D]ismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Court recommends dismissal of this action due to Plaintiffs' failure to prosecute and obey court orders.  As this case does not fall into one of the three exceptions noted above, the dismissal will operate as an adjudication on the merits.  The dismissal will thus be with prejudice to Plaintiffs' refiling of a new complaint based on the same allegations.  <u>See</u> <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); <u>Owens v. Kaiser Health Plan, Inc.</u>, 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as adjudication on the merits) (citing <u>United States v. Schimmels</u>, 127 F.3d 875, 884 (9th Cir. 1997)).  Plaintiffs were expressly warned about the possibility of dismissal in the event of their failure to file a First Amended Complaint.  Plaintiffs will have the opportunity to file Objections

10

to this Report and Recommendation if they wish to contest the dismissal of this action.

**III.**

**RECOMMENDATION**

It is recommended that the Court issue an Order (1) accepting and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice.

Dated: September 9, 2016.


                                         _____
                                                  /s/
                                              ALKA SAGAR
                               United States Magistrate Judge